OPINION OF THE COURT
PER CURIAM.
Kagimine Uddin petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.
Uddin, a citizen of Bangladesh, entered the United States in October 2001. He was charged as removable as an alien present in the United States without being admitted or paroled. Uddin conceded re-movability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. After a hearing, the IJ made an adverse credibility finding and denied relief. Uddin appealed, and the BIA dismissed the appeal. Uddin filed a petition for review which was docketed at No. 07-4747. Uddin also filed a motion to reopen and reconsider with the BIA. The BIA denied the motion, and Uddin filed another timely petition for review, docketed at No. 08-2162 and consolidated with No. 07-4747.
I.
We begin with the Board’s original decision denying relief. We have jurisdiction under 8 U.S.C. § 1252. We may reverse the BIA’s decision only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This general principle applies to adverse credibility determinations. We must uphold the adverse credibility findings unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir.2005).
Uddin argues that the IJ erred in making an adverse credibility finding because the IJ failed to consider the truthfulness, consistency, and detail of his testimony. However, Uddin admits that he submitted fraudulent documents to the IJ before withdrawing them. The BIA also noted that Uddin conceded that the content of two newspaper articles, which he did not withdraw, was untrue as well. Uddin has not shown that any reasonable adjudicator would be compelled to find him credible.
II.
Uddin also argues that the BIA erred in denying his motion to reopen. A motion to reopen must establish prima facie eligibility for asylum. Sevoian v. Ashcroft, 290 F.3d 166, 173 n. 5 (3d Cir.2002). In order to make a prima facie case, the applicant must produce evidence demonstrating a “reasonable likelihood” that he is entitled to relief. Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir.2004). Also, under 8 C.F.R. § 1003.2(c), the Board may not grant a motion to reopen unless the evidence offered is material and was not available and could not have been presented at the former hearing.
In his motion to reopen, Uddin argued that a state of emergency had been declared in Bangladesh in January 2007, and that this would increase the likelihood that *167 he would be persecuted based on his membership in the Jatiya party. He referred to, but did not submit, a Consular Information Sheet from the Department of State as support. The BIA noted that it considered that same evidence on appeal; thus, the evidence was not new. Moreover, it concluded that Uddin did not establish his prima facie eligibility for asylum.
 To the extent that the BIA denied the motion on the ground that no new evidence was presented, we review the denial for an abuse of discretion. Sevoian, 290 F.3d at 170. To the extent that the BIA denied the motion on the grounds that Uddin had not made a prima facie case for relief, we review its findings of fact for substantial evidence and its ultimate decision to deny the motion for an abuse of discretion. Id. Under the abuse of discretion standard, we will reverse the BIA’s decision only if it is “arbitrary, irrational, or contrary to law.” Sevoian, 290 F.3d at 174.
In his brief, Uddin asserts that the IJ found his testimony concerning his membership in the Jatiya party credible.[1] Since the Jatiya party was not part of the coalition under emergency rule, he contends that it is more likely that he would be persecuted in Bangladesh. We conclude that the BIA did not abuse its discretion in denying Uddin’s motion to reopen because the evidence he offered was not new. Uddin cited to the evidence in his appeal to the BIA. Furthermore, the BIA did not abuse its discretion in concluding that Uddin had not shown prima facie eligibility for asylum. The information in the Consular Information Sheet, along with the other evidence in the record, does not establish a reasonable likelihood that Uddin is entitled to relief. As noted by the BIA, this evidence just describes the violence and unrest that historically has occurred with respect to elections in Bangladesh.
For the above reasons, we will deny the petition for review.

. The IJ stated “[tjhroughout this report, respondent's testimony regarding crackdown on political opponents is corroborated. Therefore, had the respondent not submitted these fraudulent documents, one could believe that this is a person who was a member of the Jatiya Party who in fact, because of his activities, was detained and beaten.” The IJ then went on the make the adverse credibility finding. However, for the sake of our analysis, we will assume that Uddin is a member of the Jatiya party.